KAREN NELSON MOORE,
Circuit Judge, concurring only in the judgment.
I concur in the judgment affirming the judgment of the district court.
With respect to Michael Smith’s challenge to the sufficiency of the evidence, I would uphold his conviction for conspiracy to distribute over 100 kilograms of marijuana based on the evidence presented to and accepted by the jury. As we have observed previously, “[t]he relevant question in assessing a challenge to the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. McAuliffe, 490 F.3d 526, 537 (6th Cir.), cert. denied, 552 U.S. 976, 128 S.Ct. 442, 169 L.Ed.2d 309 (2007). Michael cannot challenge the sufficiency of the evidence merely by contradicting the amounts presented at trial through Matheny and the taped conversations. See United States v. Gardner, 488 F.3d 700, 710 (6th Cir.2007) (“[T]his court does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury.” (internal quotation marks omitted)); United States v. Paige, 470 F.3d 603, 608 (6th Cir.2006) (“[A]ttacks on witness credibility are simple challenges to the quality of the government’s evidence and not the sufficiency of the evidence.” (internal quotation marks omitted)); see also United States v. Deitz, 577 F.3d 672, 681 (6th Cir.2009) (“[0]n appeal, there is no place for arguments regarding a government witness’s lack of credibility.” (internal quotation marks and alterations omitted)), cert. denied, — U.S.-, 130 S.Ct. 1720, 176 L.Ed.2d 201 (2010).
Sufficient evidence supports Joshua Smith’s convictions for violating 21 U.S.C. § 843(b), knowingly and intentionally using a communication facility to facilitate the conspiracy to distribute controlled substances. Viewed in the context of the entire conspiracy and in the light most favorable to the government, the two phone calls referenced in the indictment present sufficient circumstantial evidence of the ongoing relationship between Joshua and Maldonado from which a reasonable jury could conclude that Joshua violated § 843(b) — he knowingly used his cellular phone to call Maldonado to inquire about incoming drug shipments that he needed to distribute to his customers and to discuss the money that he owed to Maldonado for outstanding shipments and that others owed to him. The Supreme Court has recently narrowed the definition of “facilitate” in § 843(b). Abuelhawa v. United States, — U.S. -, 129 *237 S.Ct. 2102, 173 L.Ed.2d 982 (2009). As we recently explained,
In defining “facilitate,” the Supreme Court recently stated that Congress had something in mind akin to aiding, abetting, or assisting when it used the term. Abuelhawa v. United States, — U.S. -, 129 S.Ct. 2102, 2106, 173 L.Ed.2d 982 (2009). Thus, according to Abuelhawa, a buyer’s use of a telephone to arrange the purchase of small quantities of drugs for personal use does not constitute “facilitating the commission” of a drug-related felony for the purpose of § 843(b). Id. at 2107.
United States v. Slayton, 366 Fed.Appx. 650, 655-56 (6th Cir.2010). In Abuelhawa, the Court explicitly disagreed with the “literal” meaning of “facilitate” because it concluded that utilizing a broader definition would increase the penalties for a larger class of drug crimes than Congress intended. Abuelhawa, 129 S.Ct. at 2105 (rejecting lower court’s expansive definition of “facilitating” that would include a buyer’s use of a telephone to make two small purchases of drugs on basis that “they ‘undoubtedly made ... distribution easier’ ”). Joshua’s phone calls here were more than merely “connected to the drug conspiracy” and did more than just “ma[k]e fulfillment of the conspiracy’s goals easier.” His phone calls satisfied the Abuelhawa definition of “facilitating.”
Because I would affirm the district court’s judgment, I concur in the judgment.